

**CESAR ALFARO,**

        Plaintiff,

v.                                  Civil Case No. 1:15CV599 GBL/JFA

**LEXISNEXIS RISK ANALYTICS SOLUTIONS, INC.,**
1000 Alderman Drive
Alpharetta, Georgia, 30005

SERVE: *via* Secretary of the Commonwealth

and

**VERIZON VIRGINIA, LLC,**

Serve:  CT Corporation System
         4701 Cox Road, Suite 285
         Glen Allen, VA 23060

        Defendants.

## COMPLAINT

The Plaintiff, CESAR ALFARO, (hereinafter, "Plaintiff"), by counsel, and for his Complaint against Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against the Defendants pursuant to 15 U.S.C. § 1681 of the Federal Fair Credit Reporting Act ("FCRA"). Plaintiff alleges a claim under 15 U.S.C. § 1681s-2(b) because LexisNexis and Verizon (collectively, "Defendants") failed to conduct a reasonable investigation after Plaintiff disputed inaccurate information appearing in his credit reports provided to the credit reporting agencies ("CRAs") by Defendants.

## JURISDICTION

2. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

4. The Plaintiff, CESAR ALFARO ("Plaintiff"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, LEXISNEXIS RISK ANALYTICS SOLUTIONS, INC. ("LexisNexis") is a Georgia corporation doing business in the Commonwealth of Virginia. LexisNexis is a "furnisher of information" as the term is used in §§ 1681i and 1681s-2.

6. Upon information and belief, Verizon Virginia, LLC ("Verizon"), is a company with its principal place of business in the Commonwealth of Virginia and is a "furnisher" as governed by the FCRA.

## FACTS

7. Courthouses and government agencies do not furnish public record information to Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union").

8. Instead, each one of the "Big 3" CRAs obtains their public record information from LexisNexis pursuant to a contract between the CRA and LexisNexis.

9. To that end, when a consumer disputes a public record displaying on their credit report, the CRAs provides notice to LexisNexis pursuant to § 1681i(a)(2), which requires a CRA

to "provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person." 15 U.S.C. § 1681i(a)(2).

10. In turn, after receiving notice of the dispute, the FCRA requires LexisNexis—as the furnisher of the information appearing in the report—to conduct a reasonable investigation with respect to the disputed information and review all of the relevant information provided by the consumer reporting agency. 15 U.S.C. § 1681s-2(b). Moreover, if an item of information is found to be inaccurate or incomplete, LexisNexis is required to modify that item, delete that item or block its reporting of the information.

11. For many years, Plaintiff has been plagued by inaccurate information appearing his credit file, including public records and a Verizon account erroneously attributed to him. By way of example, in April 2013, Plaintiff was denied a rental property after his landlord obtained a copy of his credit report, which showed that Plaintiff's credit file contained a judgment in favor of Potomac Station Community Association and a Verizon account.

12. Each of these items belonged to Plaintiff's son, who shares a similar name with the Plaintiff.

13. After Plaintiff was denied the rental property, he disputed the public record and several other accounts reported by Equifax on multiple occasions.

14. In his letter, Plaintiff explained that he did not own any property associated with the Potomac Station Community Association and that he never had an account with Verizon. Plaintiff also provided copies of his license and social security card to prove the public records and Verizon account were not associated with him.

15. After receiving Plaintiff's letter, Equifax provided notification of the dispute to LexisNexis and Verizon *via* an Automated Consumer Dispute Verification ("ACDV") form.

16. Accordingly, pursuant to 15 U.S.C. § 1681s-2(b), Defendants were required to conduct a reasonable investigation of Plaintiff's dispute. However, Defendants follow a standard and systematically unlawful process when they receive notification of a dispute from the CRAs. Basically, all they do is review their own internal computer screen for the item and repeat back the same information that it already had reported to the CRAs.

17. Instead of reviewing the information provided by the CRAs or cross-checking its original reporting with the records at the courthouse to determine the accuracy of the information, LexisNexis does not conduct any substantive review of any sort to determine whether or not the information already in their computer system is inaccurate or incomplete.

18. Similarly, instead of reviewing the information provided by the CRAs or cross-checking its original reporting with the consumer's identifying information provided by the CRAs, Verizon does not conduct any substantive review of any sort to determine whether or not the information already in their computer system is inaccurate or incomplete.

19. Consistent with this conduct, LexisNexis and Verizon did not instruct Equifax to delete the inaccurate and incomplete reporting, nor did LexisNexis or Verizon substantively alter their reporting after receiving notice from Equifax of Plaintiff's dispute.

20. Moreover, LexisNexis and Verizon altogether failed to add any remark of Plaintiff's dispute, including that the inaccurate information was disputed by Plaintiff.

21. LexisNexis and Verizon received, but ignored Plaintiff's disputes and refused to conduct a lawful investigation and instruct Equifax to delete the information.

22. On numerous occasions, Equifax furnished the Plaintiff's consumer reports to multiple entities which contained the inaccurate derogatory information at issue in this case.

### COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### Violation of 15 U.S.C. §1681s-2(b)(1)(A)
### (LEXISNEXIS AND VERIZON)

23. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

24. On one or more occasions within the past two years, by example only and without limitation, LexisNexis and Verizon violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

25. When the Plaintiff mailed his disputes to the consumer reporting agencies ("CRAs"), they use a dispute system named, "e-Oscar", which has been adopted by the credit reporting agencies and by their furnisher-customers such as Defendants. It is an automated system and the procedures used by the CRAs are systemic and uniform.

26. When Equifax receives a consumer dispute, it (usually via an outsourced vendor) translates that dispute into an "ACDV" form.

27. Upon information and belief, the ACDV form is the method by which the Defendants have elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

28. On information and belief, the Plaintiff alleges that to date the Defendants have never complained to the CRAs about the amount of information it receives regarding a consumer dispute through the e-Oscar system or through ACDVs.

29. If Defendants receive a consumer dispute ACDV form, it is aware that it may also contact the CRA that sent it to obtain more information regarding a consumer's dispute.

30. In this case, Equifax forwarded the Plaintiff's dispute via an ACDV to LexisNexis and Verizon on at least one occasion.

31. Defendants understood the nature of the Plaintiff's dispute when they received the ACDV from the credit bureaus.

32. Notwithstanding the above, Defendants follow a standard and systemically unlawful process when they receive the ACDV dispute. Basically, all LexisNexis and Verizon do is review their own internal computer screen for the account and repeat back to the ACDV system the same information that they already had reported to the CRAs.

33. When LexisNexis and Verizon receive a consumer dispute through e-Oscar, they do not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

34. As a result of Defendants' violations of 15 U.S.C. §1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

35. The violations by the Defendants were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

36. The law in the Fourth Circuit and even nationally has long ago been set to require a detailed and searching investigation by a furnisher when it receives a consumer's FCRA dispute through a CRA.

37. Defendants were aware of the *Johnson v. MBNA* FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Plaintiff's dispute.

38. On information and belief, the Plaintiff alleges that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Defendants intended their employees or agents to follow.

39. On information and belief, the Plaintiff alleges that LexisNexis's employees or agents did not make a mistake (in the way in which he or she followed the Defendants' procedures) when he or she received, processed and responded to the CRAs' ACDVs.

40. On information and belief, the Plaintiff alleges that Defendants have not materially changed their FCRA investigation procedures after learning of their failures in multiple other cases.

41. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT TWO: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### Violation of 15 U.S.C. §1681s-2(b)(1)(B)
### (LEXISNEXIS AND VERIZON)

43. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint (particularly though not limited to as pled in the "Fact" section of the Complaint and the previous Count).

44. On one or more occasions within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer report agencies.

45. As Plaintiff detailed in the previous Count, Defendants have elected to use the e-Oscar system for their FCRA disputes received through the CRAs.

46. Defendants are aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

47. Defendants do not contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

48. Defendants understood the Plaintiff's disputes and that the public records and accounts were inaccurately attributed to him.

49. Nevertheless, Defendants ignored such information and instead simply regurgitated the same information they had previously reported to the CRAs.

50. As a result of Defendants' violations of 15 U.S.C. §1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

51. The violations by Defendants were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recover under 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT THREE: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### Violation of 15 U.S.C. §1681s-2(b)(1)(C) and (D)
### (LEXISNEXIS AND VERIZON)

53. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint (particularly though not limited to as pled in the "Fact" section of the Complaint and the previous two Counts).

54. On one or more occasions within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the their representations within Plaintiff's credit files with Equifax without also including a notation that these debts were disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

55. Specifically, Defendants failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when they responded to the CRAs.

56. On information and belief, the Plaintiff alleges that Defendants rarely add the XB code or other notation that an account is disputed when they respond to e-Oscar ACDVs.

57. Furthermore, Defendants knew that the Plaintiff disputed the subject accounts through his dispute letters to Equifax.

58. The Plaintiff's disputes were bona fide—the accounts objectively did not belong to him.

59. As a result of Defendants' violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

60. The violations by Defendants were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

61. Defendants were aware of the *Saunders v. B.B.&T* FCRA decision by the Fourth Circuit when they followed the ACDV procedures used regarding the Plaintiff's dispute.

62. On information and belief, the Plaintiff alleges that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Defendants intended their employees or agents to follow.

63. On information and belief, the Plaintiff alleges that Defendants' employees or agents did not make a mistake (in the way in which he or she followed Defendants' procedures) when he or she received, processed and responded to the CRAs' ACDVs and did not include the XB code in the CCC field.

64. On information and belief, the Plaintiff alleges that Defendants have not materially changed their FCRA investigation procedures regarding the CCC field in ACDVs after learning of their failures in this case.

65. The violations by Defendants were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

66. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,
**CESAR ALFARO**

By _____
Counsel

Kristi Cahoon Kelly, VSB#72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com
*Counsel for Plaintiff*